FILED

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 JAN 16 P 3: 31

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mark J. Brocker
and
Krista A. Brocker
Plaintiffs,

v.

Cenlar FSB
Defendant,

1:15-0073
(CMH/TCB)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Complaint for Violation of the Fair Debt Collection Practices Act
And Violation of the Bankruptcy Discharge**

1. Mark J. Brocker is a natural person, residing in Prince William County, Virginia.

2. Krista A. Brocker is a natural person, residing with her husband, Mark J. Brocker, in Prince William County, Virginia.

3. Cenlar FSB, a federally chartered savings bank, provides residential mortgage loan services in the United Sates. It offers central loan administration and reporting services. Cenlar FSB was formerly known as Cenlar Federal Savings Bank and changed its name to Cenlar FSB in November 1996. The company was founded in 1912 and is based in Trenton, New Jersey.

4. The headquarters address of Cenlar FSB is 425 Phillips Boulevard Trenton, New Jersey, 08618.

5. Gregory S. Tornquist serves as President and Chief Executive Officer of Cenlar Capital Corporation. Mr. Tornquist has been Chief Executive Officer, President, Director and Member of Executive Committee of Cenlar FSB, a subsidiary of Cenlar Capital Corporation since January 1, 2008.

6. Michael W. Young founded Cenlar FSB in 1984 and serves as its Chairman and Member of Executive Committee.

7. This is a complaint under the Fair Debt Collection Practices Act, 15 USC §1692 et seq. This court has jurisdiction under 15 USC §1692k(d).

8. This is also a complaint for violation of the bankruptcy discharge, 11 USC §524(a)(2). This court has jurisdiction under 28 USC §1334 and §1409.

9. In the summer of 2014, Cenlar FSB began sending "Loan Statements" to Mr. and Mrs. Brocker, attempting to collect on a debt that had been discharged six years earlier in Bankruptcy Case 08-12370-RGM, filed in the Eastern District of Virginia.

10. That debt had incurred Brockers as a purchase money second mortgage on their then residence, located in Sterling Heights, Michigan.

11. That debt was a consumer debt under the Fair Debt Collection Practices Act, having been incurred for personal, family or household purposes.

12. As a result of the housing crisis and recession, the Brockers were unable to sell their home in Michigan when they relocated to Virginia, and on April 30, 2008, they sought a financial fresh start in a Chapter 7 bankruptcy under Title 11 of the United States Code.

13. At the time of the bankruptcy filing, the right to collect that second mortgage debt was owned by GMAC Mortgage and was already six months in arrears.

14. GMAC Mortgage had notice of the bankruptcy, and counsel for GMAC Mortgage entered an appearance in the bankruptcy case.

15. The holder of the first mortgage on the Sterling Heights property received relief from the automatic stay in Brockers' Chapter 7 bankruptcy case.

16. The holder of the first mortgage on the Sterling Heights property subsequently foreclosed.

17. GMAC Mortgage was liquidated through Chapter 11 bankruptcy in 2013.

18. Cenlar FSB acquired many delinquent mortgages that had been previously held by GMAC Mortgage and began to attempt to collect them.

19. Cenlar FSB is therefore a debt collector under the Fair Debt Collection Practices Act, because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Cenlar FSB sent a "Loan Statement" to the Brockers dated 07/16/14.

21. This was the first communication from Cenlar FSB to the Brockers.

22. At the time Cenlar FSB sent the "Loan Statement", the second mortgage debt formerly owed by the Brockers to GMAC Mortgage had been discharged in bankruptcy five years and eleven months previously.

23. At that time, the collection action on the second mortgage debt formerly owed by the Brockers to GMAC Mortgage would have been barred by the statute of limitations, under the laws of either Michigan or Virginia.

24. At that time, the Brockers no longer had any interest in the real property which had formerly secured the second mortgage debt formerly owed by the Brockers to GMAC Mortgage.

25. That "Loan Statement" claimed an "Overdue Amount" of $31,162.56.

26. That "Loan Statement" claimed an "Amount Due" of 31,562.08.

27. Sending a "Loan Statement" claiming an "Amount Due" of $31,562.08 on a debt that was discharged in bankruptcy is an act to collect the debt as a personal liability of the Brockers in violation of the bankruptcy discharge.

28. Claiming an "Overdue Amount" of $31,162.56 on a debt that was discharged in bankruptcy was a false statement of the legal status of a debt, in violation of 15 USC § 1692e(2).

29. Claiming an "Overdue Amount" of $31,162.56 on a debt that was discharged in bankruptcy is an unfair means to collect a debt, in violation of 15 USC § 1692f.

30. Claiming an "Overdue Amount" on a debt that is barred by the statute of limitations is a deceptive means to collect or attempt to collect a debt, in violation of 15 USC §1692e(10).

31. The "Loan Statement" dated 07/16/14 failed to include the warning "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" as required by 15 USC 1692e(11) for an initial contact by a debt collector to a consumer.

32. The "Loan Statement" dated 07/16/14 failed to include the warning "that the communication is from a debt collector" as required by 15 USC §1692e(11) and all communications by a debt collector to a consumer.

33. The "Loan Statement" dated 07/16/14 contained the statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home."

34. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" was a threat to take action that could not legally be taken, in violation of 15 USC §1692e(5).

35. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" is an unfair practice in violation of 15 USC §1692f(6), threatening foreclosure where there is no enforceable security interest.

36. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" where there is no enforceable security interest is an act to collect the debt as a personal liability of the Brockers, and is a violation of the bankruptcy discharge injunction.

37. Cenlar FSB then sent a second "Loan Statement" to the Brockers dated 10/16/14.

38. That "Loan Statement" claimed an "Overdue amount" of $32,361.12.

39. That "Loan Statement" claimed an "Amount Due" of $32,760.64.

40. Sending a "Loan Statement" claiming an "Amount Due" of $32,760.64 on a debt that was discharged in bankruptcy is an act to collect the debt as a personal liability of the Brockers in violation of the bankruptcy discharge.

41. Claiming an "Overdue Amount" of $32,361.12 on a debt that was discharged in bankruptcy was a false statement of the legal status of a debt, in violation of 15 USC § 1692e(2).

42. Claiming an "Overdue Amount" of $32,361.12 on a debt that was discharged in bankruptcy is an unfair means to collect a debt, in violation of 15 USC § 1692f.

43. Claiming an "Overdue Amount" on a debt that is barred by the statute of limitations is a deceptive means to collect or attempt to collect a debt, in violation of 15 USC §1692e(10).

44. The "Loan Statement" dated 10/16/14 failed to include the warning "that the communication is from a debt collector" as required by 15 USC 1692e(11) and all communications by a debt collector to a consumer.

45. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" was a threat to take action that could not legally be taken, in violation of 15 USC §1692e(5).

46. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" is an unfair practice in violation of 15 USC §1692f(6), threatening foreclosure where there is no enforceable security interest.

47. The statement "Failure to bring your loan current may result in fees and foreclosure - the loss of your home" where there is no enforceable security

interest is an act to collect the debt as a personal liability of the Brockers, and is a violation of the bankruptcy discharge injunction.

48. The loan statements of 07/16/14 and 10/16/14 were sent to the Brockers at their current address in Woodbridge, Virginia.

49. Cenlar obtained the Brockers' current address through a database search.

50. The database Cenlar FSB used to obtain the Brockers current address would also have reflected the Brockers bankruptcy discharge.

51. The actions of Cenlar FSB, locating the Brockers address but failing to note the bankruptcy, show that Cenlar FSB acted in reckless and willful violation of the bankruptcy discharge.

WHEREFORE

1. Krista Brocker asks this court to award statutory damages of $1000.00 under 15 USC §1692k.

2. Krista Brocker asks this court to award reasonable costs and attorneys fees under 15 USC §1692k.

3. Mark Brocker asks this court to award statutory damages of $1000.00 under 15 USC §1692k.

4. Mark Brocker asks this court to award costs reasonable costs and attorneys fees under 15 USC §1692k.

5. Mark and Krista Brocker ask this court to enjoin further collection activity by Cenlar FSB, under 11 USC §105.

6. Mark and Krista Brocker ask this court to award reasonable costs and attorneys fees for the assistance of counsel in stopping the willful violation of the discharge by Cenlar FSB, under the court's authority at 11 USC §105

Plaintiffs ask for such other and further relief as may be just.

MARK J BROCKER

KRISTA A BROCKER

by Counsel

Robert R Weed, VSB 24646
Law Office of Robert Weed
Counsel for Mark and Krista Brocker
45575 Shepard Drive #201
Sterling, VA 20164
703-335-7793
robertweed@robertweed.com
fax 703-421-7111